IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON RAMON JORDON, | ) | |
| Plaintiff, | ) | Civil Case No. 7:20-cv-00174 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| STATE CORRECTION BRAD, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Jason Ramon Jordon, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. His complaint names nine defendants and arises from events that occurred while he was incarcerated at Red Onion State Prison (ROSP).

Upon review of Jordon's complaint pursuant to 28 U.S.C. § 1915A(a), the court concludes that his claims as currently pled fail to state a claim upon which relief can be granted and are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Jordon alleges that, on May 24, 2019, he was moved to a "mental health suicide cell that had feces and water on the floor." (Compl. 4.) Unnamed defendants refused to clean it. Later that evening he slipped on the floor, injuring his back. When he was taken to medical, his property was taken without inventory forms and a number of items were taken and later destroyed. The property taken included a watch, head phones, his wedding ring, a radio, his Gucci prescription glasses, a skull cap, and a number of religious items (rug, chain, oil), as well as a court transcript of a criminal proceeding. (Dkt. No. 1 at 4–5.) He claims, without any supporting factual allegations, that the destruction of his property was done in retaliation for his filing and winning a prior lawsuit. (Compl. 5.)

The complaint expressly identifies two claims. Specifically, Jordon alleges that the unsafe conditions in his cell violated the Eighth Amendment. He further claims that the destruction of his property violated his due process rights. (Compl. 6.) The court also liberally construes his complaint as asserting a retaliation claim.

## II.  DISCUSSION

### A. Lack of Personal Involvement

As an initial matter, Jordon's complaint wholly fails to identify any specific person who took any action that Jordon believes was unconstitutional, and his claims fail for this reason alone. Although Jordon lists individual defendants and identifies them by their position, he does not state what role, if any, any of them played in the alleged deprivation of his rights.[1] Importantly, liability under § 1983 is "personal, based upon each defendant's own

---

[1] The only person mentioned by name in the factual section of the complaint is Savage, who is not listed as a defendant. Even as to him, though, the complaint merely states that Jordon fell at a time when Savage was on the night shift and passing out tissue and soap. (Compl. 4.) Jordon does not allege that Savage did anything to cause his fall.

2

constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Because Jordon fails to identify any unconstitutional action or omission by any defendant, he has failed to state a claim against any of them.

The court turns next to each of Jordon's specific claims.

## B. Fourteenth Amendment Due Process Claim

First, as to Jordon's lost or destroyed property, allegations that prison officials deprived an inmate of his property, whether intentionally or as a result of negligence, do not state a constitutional due process claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because Jordon possessed tort remedies under Virginia state law, see Virginia Code § 8.01–195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case.[2] Thus, his claims based on the loss of his property must be dismissed pursuant to 28 U.S.C. § 1915A(b).

## C. First Amendment Retaliation Claim

The court likewise concludes that Jordon's complaint fails to allege sufficient facts to state a plausible claim of retaliation; thus, this claim will be dismissed without prejudice. To

---

[2] Jordon does not appear to be claiming that his property was destroyed pursuant to a prison policy, so the court need not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

3

succeed on his § 1983 retaliation claim, Jordon must establish that (1) he engaged in protected First Amendment activity, (2) "the alleged retaliatory action adversely affected his protected speech," and (3) a but-for causal relationship existed between the protected activity and the retaliatory act. *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015).

Jordon has alleged the first element, because filing a lawsuit is protected First Amendment activity. *Booker v. S.C. Dep't of Corrs.*, 855 F.3d 533, 544 (4th Cir. 2017) ("[T]his court has long held that prison officials may not retaliate against prisoners for exercising their right to access the courts . . . ."). The court also assumes for purposes of this opinion that the seizure and subsequent destruction of an inmate's property (including religious items, a wedding ring, and legal materials) could satisfy the second element of a retaliation claim, which requires an action by defendant that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights," *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005); *but see Ballance v. Angelone*, No. CIV.A. 7:01CV 00410, 2002 WL 32074716, at *7 (W.D. Va. May 2, 2002), *aff'd*, 46 F. App'x 223 (4th Cir. 2002) ("A cell shakedown and the alleged confiscation of material, whether or not it was done in response to filing of a lawsuit, is not sufficiently adverse to [the plaintiff] to constitute retaliation.").

Jordon has not pled sufficient facts, however, to plausibly allege the third element of his retaliation claim. To establish the third element, a plaintiff must show that the protected activity was the but-for cause of the adverse action alleged. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015); *Gregg-El v. Doe*, 746 F. App'x 274, 275 & n.2 (4th Cir. Jan. 3, 2019) (citing to *Foster* in addressing the causation standard in the context of a prisoner's retaliation claim). Jordon's complaint is wholly devoid of any facts tying the destruction of his property to a retaliatory motive or to the filing of his lawsuit. His allegations

4

do not come close, therefore, to plausibly alleging the "rigorous" but-for standard of causation. *See Raub*, 785 F.3d at 885 ("[O]ur causal requirement is rigorous." (internal quotations and citations omitted)). Instead, his complaint contains nothing more than a conclusory allegation of retaliation without any supporting facts. *See Adams*, 40 F.3d at 74 (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that courts must treat an inmate's claim of retaliation by prison officials "with skepticism"). Accordingly, his retaliation claim also must be dismissed.

**D. Eighth Amendment Living Conditions Claim**

Jordon's final claim alleges a violation of the Eighth Amendment, which protects prisoners from cruel and unusual living conditions, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49.

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Although Jordon alleges that he suffered a back injury as a result of his fall, the mere fact that a prisoner is confined for a part of a day in a cell with feces and water on the floor, while certainly unpleasant, has repeatedly been held not to be sufficiently serious so as to give rise to

an Eighth Amendment violation. *See Whitmore v. W. Reg'l Jail*, No. 3:18-CV-01483, 2019 WL 3756396, at *8 (S.D.W. Va. July 19, 2019) (collecting and discussing many cases where courts found that similar or worse conditions than those alleged here did not create a deprivation that was "sufficiently serious" to meet the objective component of an Eighth Amendment claim), *report and recommendation adopted*, No. 3:18-CV -1483, 2019 WL 3759806 (S.D.W. Va. Aug. 7, 2019). Moreover, "courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983." *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 n.4 (W.D. Va. Aug. 12, 2010) (citing *Lefall v. Johnson,* 48 F. App'x 104 (5th Cir. 2002)). In *Lefall*, the court concluded that a prisoner failed to state an Eighth Amendment claim when he alleged that defendants were aware of persistent plumbing problems that caused wet floors, and he suffered a back injury after slipping and falling on a wet floor. *Lefall*, 48 F. App'x at 104. The court held that, at most, this was a claim of negligence, which was not actionable under § 1983. *Id.*

In any event, this claim is subject to dismissal because Jordon has not alleged facts to show that any particular defendant had knowledge of the feces and water and failed to take action to address it. Specifically, to meet the subjective element of his claim, plaintiff must demonstrate that the defendant officials were aware of facts from which they could draw the inference that a significant risk of harm existed and that they, in fact, drew such an inference. *Farmer v. Brennan*, 511 U .S. 825, 837 (1994). He must then show that the defendant officials disregarded such a risk by failing to take "reasonable measures" to alleviate the danger. *Id.* at 832. He has not alleged facts sufficient to plausibly establish this element against any defendant

In short, Jordon has not adequately stated an Eighth Amendment claim.

## III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Jordon's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). His due process claim is dismissed with prejudice, and his remaining claims are dismissed without prejudice. In consideration of Jordon's status as a *pro se* litigant, the court will give him an opportunity to file an amended complaint, if he wishes to do so, in order to correct the deficiencies noted in this opinion. If he elects to amend, he shall do so within thirty days after entry of the accompanying order.

An appropriate order will be entered.

Entered: June 22, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge